UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

5 WORLD MARKET TICKETS; THE NEW
UNION PARTY 21ST; SAVE AMERICA
FROM TYRANNY; ADESIJOUOLA
OGUNJOBI,

                 Plaintiffs,

         -against-

JOHN G. ROBERTS, JR., ET AL.,

                Defendants.

25-CV-10340 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Adesijuola Ogunjobi filed this *pro se* complaint on his own behalf and on behalf

of 5 World Market Tickets, the New Union Party 21st, and Save America From Tyranny. To

proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00

filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without

prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Ogunjobi submitted the complaint without the filing fees or an IFP application. Within

thirty days of the date of this order, Ogunjobi must either pay the $405.00 in fees or submit the

attached IFP application. If Ogunjobi submits the IFP application, it should be labeled with

docket number 25-CV-10340 (LTS). If the Court grants the IFP application, Ogunjobi will be

permitted to proceed without prepayment of fees.[1]  *See* 28 U.S.C. § 1915(a)(1).

---

[1] Artificial entities cannot proceed pro se or in forma pauperis in this court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). If Ogunjobi pays the fees or submits an IFP application, Ogunjobi, who does not claim to be an attorney, cannot appear on behalf of the artificial entities named as plaintiffs.

No summons shall issue at this time. If Ogunjobi complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Ogunjobi fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 19, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge