UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

5 WORLD MARKET TICKETS,
THE NEW UNION PARTY 21ST,
SAVE AMERICA FROM TYRANNY,
ADESIJUOLA OGUNJOBI

                Plaintiffs,

           *– against –*

JOHN G. ROBERTS, JR., in his official
capacity as Chief Justice of the Supreme
Court of the United States; CLARENCE
THOMAS, in his official capacity as
Associate Justice of the Supreme Court
of the United States; SAMUEL A.
ALITO, JR., in his official capacity as
the Associate Justice of the Supreme
Court of the United States; SONIA
SOTOMAYOR, in her official capacity
as the Associate Justice of the Supreme
Court of the United States; ELENA
KAGAN, in her official capacity as the
Associate Justice of the Supreme Court
of the United States; BRETT M.
KAVANAUGH, in his official capacity
as the Associate Justice of the Supreme
Court of the United States; AMY
CONEY BARRETT, in her official
capacity as the Associate Justice of the
Supreme Court of the United States;
KETANJI BROWN JACKSON, in her
official capacity as the Associate Justice
of the Supreme Court of the United
States; and NEIL M. GORSUCH, in his
official capacity as the Associate Justice
of the Supreme Court of the United
States,

              Defendants.

**OPINION & ORDER**

25-cv-10340 (ER)

RAMOS, D.J.:

On December 12, 2025, plaintiffs 5 World Market Tickets, The New Union Party 21st, Save America From Tyranny, and Adesijuola Ogunjobi (collectively "Plaintiffs") filed the instant action against the nine Justices of the Supreme Court of the United States in their official capacities:  Justice John G. Roberts, Jr.; Justice Clarence Thomas; Justice Samuel A. Alito, Jr.; Justice Sonia Sotomayor; Justice Elena Kagan; Justice Brett M. Kavanaugh; Justice Amy Coney Barrett; Justice Ketanji Brown Jackson; and Justice Neil M. Gorsuch.  Doc. 1.  Plaintiffs assert that the Justices assisted President Donald Trump in sustaining "tyranny" in violation of the U.S. Constitution.  *Id*.  For the reasons set forth below, the complaint is dismissed.

I.    **BACKGROUND**

   **A.  Factual Background**

Plaintiff 5 World Market Tickets is an E-commerce platform selling sports and concert tickets and is dedicated to "eradicat[ing] global poverty."  Doc. 1 ¶ 33.  Plaintiff The New Union Party 21st is a political party with the goal of "restor[ing] the purpose of serving the people."  *Id*. ¶ 34.  Plaintiff Save America From Tyranny is a political action committee established to support The New Union Party 21st.  *Id*. ¶ 35.  Plaintiff Adesijuola Ogunjobi is the founder of all of the organizational Plaintiffs.  *Id*. ¶ 36.  Ogunjobi, proceeding *pro se*, initiated the instant action on behalf of all Plaintiffs.[1]  Doc. 1.

---

[1] As a *pro se* plaintiff, the Court notes that Ogunjobi is prohibited from representing organizational litigants. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *see also Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body[,] and that by a person representing himself'").  Meanwhile, organizational litigants are prohibited from representing themselves in court.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *see also Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).

Plaintiffs assert that the Justices' decisions in a series of cases[2] are unconstitutional and motivated by an intent to benefit the Trump administration.  *Id*. ¶¶ 3–12.  Plaintiffs also allege that Justice Roberts violated the constitution by declining to preside over the second impeachment of President Trump in 2021.  *Id*. ¶ 47.  Specifically, Plaintiffs allege that the Justices violated the Thirteenth Amendment (Count I), the Fourteenth Amendment (Count II), Article I of the U.S. Constitution (Count III), the "*Ultra Vires*" Doctrine (Count IV), and rules on disqualification of Justices, 28 U.S.C. § 455 (Count V).  Doc. 1.  Plaintiffs seek a declaratory judgment finding these decisions unconstitutional, injunctions staying the implementation of these decisions and barring the Justices from reviewing any case involving Plaintiffs, and reimbursement of reasonable fees.[3]  Doc. 1 at 35–37.  Plaintiffs believe the injunction would "end the ongoing tyranny in the United States" and preserve the next presidential election for the most qualified candidates, including Ogunjobi.  *Id*. ¶ 17.

### B.  Procedural Background

Plaintiffs filed the instant action on December 12, 2025, along with a motion to consolidate the case with *5 World Market Tickets, et al. v. Federal Communications Commission, et al.*, 25-cv-06350 (VSB), which Ogunjobi initiated against the Federal Communications Commission, Brendan Carr, Paramount Global, and Skydance Media, LLC.  Doc. 3.  In *Federal Communications Commission*, Ogunjobi alleges that Paramount bribed President Trump for the Federal Communications Commission's

---

[2] Plaintiffs assert that the decisions in the following cases are unconstitutional:  *Trump v. United States*, 603 U.S. 593 (2024); *Trump v. Anderson*, 601 U.S. 100 (2024); *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022); *Trump v. CASA, Inc.*, 606 U.S. 831 (2025); *Rollins v. Rhode Island State Council of Churches*, No. 25A539, 2025 WL 3124183, at *1 (U.S. Nov. 7, 2025).  Doc. 1 ¶¶ 3–12.  Plaintiffs also claim the Justices failed to intervene in the Trump administration's "illegal application of [t]he Alien Enemies Act (1798) to engage in mass deportation" and "illegal deployment of National Guard."  *Id*. ¶¶ 10, 48.

[3] Plaintiffs also seek the entry of an order pursuant to 28 U.S.C. § 455 "holding unlawful and vacating FOIA Directive," and "a declaratory judgment finding that FOIA Directive is invalid," but the complaint does not explain what the "FOIA Directive" is.  Doc. 1 at 36.

3

approval of its merger with Skydance Media.[4] *Federal Communications Commission*, Doc. 1.  On December 31, 2025, Plaintiffs moved for the appointment of *pro bono* counsel in the instant case, which they withdrew on January 23, 2026.  Doc. 7, 10. Plaintiffs also requested a stay of this case to seek representation of counsel on January 23.  Doc. 9.

## II.   LEGAL STANDARD

Courts are required to consider constitutional Article III standing *sua sponte* to ensure they possess jurisdiction.  *Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008) (holding that courts are required to raise threshold jurisdictional issues *sua sponte*). When a plaintiff lacks Article III standing, a court has no subject matter jurisdiction over the action and must dismiss it.  *Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care*, LLC, 433 F.3d 181, 198 (2d Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3).  A court may examine Article III standing at any stage of the proceeding.  *See Federal Deposit Insurance Corporation v. Four Star Holding Co.*, 178 F.3d 97, 100 n. 2 (2d Cir.1999); *see also Zhou v. Peng*, 286 F. Supp. 2d 255, 262 (S.D.N.Y. 2003).

## III.   DISCUSSION

### A.  Standing

Pursuant to Article III of the U.S. Constitution, federal courts' subject matter jurisdiction is limited to resolving "cases and controversies."  U.S. Const. art. III, § 2. Standing, as an essential element of the case or controversy requirement, requires that: (1) a plaintiff has suffered an injury in fact; (2) the injury has to be fairly traceable to the defendant's alleged illegal conduct; and (3) the injury is likely to be redressed by the requested relief.  *Valley Forge Christian College v. Americans United for Separation of*

---

[4] As of the time of this Opinion, the defendants in *Federal Communications Commission* have not been served.  On April 8, 2026, the presiding judge issued an order warning Ogunjobi that the action may be dismissed for failure to serve Defendants.  *Federal Communications Commission*, Doc. 7 at 1.  In the order, the judge also denied the motion to stay filed by Ogunjobi on January 13, 2026.  *Id*.

*Church & State, Inc.*, 454 U.S. 464, 472 (1982).  An "injury in fact" is an invasion of a legally protected interest and has to be (1) concrete and particularized, and (2) actual or imminent, rather than conjectural or hypothetical.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A "[g]eneralized grievance shared substantially equally by all or a large class of citizens" are not an injury in fact and "does not warrant exercise of jurisdiction."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  For example, there is no injury in fact and thus no standing when the complaint simply alleges that the plaintiffs are harmed by the fact that the government is violating the law.  *Allen v. Wright*, 468 U.S. 737, 755 (1984).  Plaintiffs bear the burden to establish standing.  *See Lujan*, 504 U.S. at 561.

Here, Plaintiffs do not have Article III standing.  Plaintiffs do not plead that they have suffered any personalized harm from the Justices' conduct.  Doc. 1.  Plaintiffs merely allege generally that the conduct is "illegal."  *Id*. ¶¶ 3–12.  No judicially recognizable harm is alleged.  *See Allen*, 468 U.S. at 755.

The Court is required to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  Viewed in the light most favorable to Plaintiffs, the pleading might suggest that Ogunjobi is harmed by the allegedly illegal conduct because he would not be able to win the next presidential election if the Justices continue "colluding" with President Trump.  *See* Doc. 1 ¶ 17.  But without more, mere inability to prevail in an election is not a cognizable injury.  Even if it is, insufficient facts are pleaded to establish that this is an actual or imminent harm, instead of a conjectural and hypothetical one.  *See Lujan*, 504 U.S. 555 at 563–64 (holding that an intent to revisit places where plaintiffs can observe endangered species is insufficient to establish actual or imminent injury caused by activities increasing the rate

of extinction of these species).  Thus, Plaintiffs do not have standing in the instant action.
*See id.*

### B.  Additional Grounds for Dismissal

This action can also be dismissed because Plaintiffs seek injunctive and declaratory relief against the Justices.[5]  Doc. 1 at 35–37.  Specifically, Plaintiffs request that the Court declare certain decisions of the Supreme Court unlawful and enjoin the implementation of these decisions.  Doc. 1 at 35–36.  But this Court is bound by existing decisions of the Supreme Court and has no authority to review them.  *Baroni v. Port Authority of New York & New Jersey*, 161 F.4th 48, 57 (2d Cir. 2025) ("[lower federal courts] are bound to follow the existing precedent of the Supreme Court").  Moreover, Plaintiffs cannot sue presiding judges and seek reversal of decisions simply because they disagree with these decisions.  *See Lee v. Town of Wawayanda*, No. 23-cv-7064 (VSB) (JW), 2024 WL 6046840, at *9 (S.D.N.Y. Aug. 27, 2024), *report and recommendation adopted*, No. 23-cv-7064 (VSB), 2026 WL 99995 (S.D.N.Y. Jan. 14, 2026); *see also Clavizzao v. United States*, No. 08-cv-6434 (KMK), 2010 WL 6836461, at *3 (S.D.N.Y. Oct. 25, 2010).

Moreover, Plaintiffs seek injunctive relief barring the Justices from reviewing any actions involving them because of a conflict of interest.  Doc. 1 at 35–36.  To the extent that Plaintiffs argue that the Justices should recuse themselves in future proceedings because of the instant action, Plaintiffs cannot force the recusal by filing a frivolous action against the Justices preemptively.  *Cf. Manchanda v. Reardon*, No. 23-cv-9292 (JPC) (KHP), 2024 WL 382116, at *4 (S.D.N.Y. Feb. 1, 2024) (the presiding judge refusing to recuse himself after the plaintiff initiated another action against him); *United States v. Martin-Trigona*, 759 F.2d 1017, 1020–21 (2d Cir. 1985) (similar).  In addition, the Court does not have the authority to direct the judges of a higher court to take any

---

[5] Plaintiffs also seek award of reasonable fees.  Doc. 1 at 36.  But they are not entitled to fees because they do not prevail in the action.

action.  *Steele v. Supreme Court of United States*, 255 F. App'x 534, 534 (D.C. Cir. 2007); *Panko v. Rodak*, 606 F.2d 168, 171 n. 6 (7th Cir.1979).

### C.  Leave to Amend

Courts in this District frequently grant *pro se* plaintiffs leave to amend their complaints to cure the defects.  *Janczuk v. United States*, No. 24-cv-3717 (LTS), 2024 WL 3905847, at *3 (S.D.N.Y. Aug. 21, 2024).  But courts are not obliged to do so if amendment would be futile.  *See id.*; *see also Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011).  It is clear that the defects in Plaintiffs' complaint cannot be cured with an amendment.  Thus, the Court declines to grant Plaintiffs leave to amend.

### IV.   CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and the relief sought.[6]  Fed. R. Civ. P. 12(h)(3).  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   April 14, 2026
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[6] Even if the Court did not dismiss on standing and relief grounds, the complaint also fails to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("to survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'").  The claims are frivolous because they are based on misquoted and wrongly interpreted statutes.  For example, Count I alleges the Justices assisted slavery in violation of the Thirteenth Amendment by failing to prevent President Trump from implementing mass deportations.  Doc. 1 ¶ 55.  By prohibiting "slavery," however, the Thirteenth Amendment intends to prohibit involuntary labor.  *McGarry v. Pallito*, 687 F.3d 505, 510 (2d Cir. 2012).  Meanwhile, the Justices are under no duty to prosecute such constitutional violations.  Count I also alleges that the Thirteenth Amendment requires a court to "hold unlawful and set aside [] judicial branch action, findings, and conclusions found to be . . . arbitrary."  *Id.* ¶ 50.  But this language is not in the Thirteenth Amendment.  U.S. Const. amend. XIII.